UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAY HEGWER,<br><br>   Plaintiff,<br><br> vs.<br><br>AMERICAN HEARING AND ASSOCIATES, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No: C 11-04942 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND GRANTING ALTERNATIVE MOTION TO TRANSFER VENUE**<br><br>Docket 5, 10 |

  Plaintiff Jay Hegwer ("Plaintiff") filed the instant action against his former employer, Defendant American Hearing and Associates ("Defendant" or "AHAA"), in state court, alleging claims state law for declaratory relief, fraud, and unfair business practices under California Business and Professions Code § 17200. Defendant subsequently removed the action on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

  The parties are presently before the Court on Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer for Improper Venue. Dkt. 10. Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby DENIES Defendant's motion to dismiss and, in the interests of justice, GRANTS its alternative motion to transfer venue. The Court finds the instant motion suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

I. **BACKGROUND**

    A.    FACTUAL SUMMARY

In early 2010, Plaintiff submitted his resume to corporate recruiter John Frank ("Frank"). Notice of Removal Ex. A to ("Compl.") ¶ 5, Dkt. 1. Thereafter, Plaintiff was contacted by David Young ("Young"), the regional manager for AHAA, to schedule an employment interview in Los Angeles, California. Id. Plaintiff advised Young that he needed to earn $150,000 per year because he was married and lived in San Francisco. Id. ¶ 14. In response, both Young and Frank informed Plaintiff that, in addition to a yearly base salary of $100,000, he could expect to earn $50,000 in commissions per year. Id. After two interviews, AHAA hired plaintiff as an associate manager reporting to Young. Id.

Plaintiff was given an Employment Agreement and instructed to sign it if he wished to be employed by AHAA. Id. ¶ 6. Plaintiff signed the agreement on April 2, 2010. Hegwer Decl. Ex. A ("Employment Agreement"), Dkt. 11. The agreement included the following forum selection clause:

> 15. COURT PROCEEDINGS. EMPLOYEE AGREES THAT ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS AGREEMENT MAY AT EMPLOYER'S OPTION BE LITIGATED IN THE COURTS IN OR FOR CHESTER COUNTY, PENNSYLVANIA. EMPLOYEE HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY SUCH COURT AND WAIVES ANY RIGHT EMPLOYEE MAY HAVE TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT AGAINST EMPLOYEE IN ACCORDANCE WITH THIS PARAGRAPH... TO THE FULLEST EXTENT PERMITTED BY LAW, EMPLOYEE HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, COUNTERCLAIM OR PROCEEDING (I) TO ENFORCE OR DEFEND ANY RIGHTS UNDER OR IN CONNECTION WITH THIS AGREEMENT, OR, (II) ARISING FROM ANY DISPUTE OR CONTROVERSY ARISING IN CONNECTION WITH OR RELATED TO SAME.

Employment Agreement ¶ 15 (emphasis added). The agreement also included an arbitration clause, a choice of law clause specifying that the agreement is governed by Pennsylvania law, and a non-competition/solicitation clause. Id. ¶¶ 7, 10, 14.

About six weeks after being hired, Plaintiff flew to Pennsylvania for a training session led by AHAA employee Deonda Weldon ("Weldon"). Compl. ¶¶ 15-17. During the training sessions, Weldon berated Plaintiff and acted in a hostile manner in front of other trainees. Id. ¶ 18. During one of the sessions, the issue of compensation arose, at which point Plaintiff revealed that he was told by his recruiter and Young that "it would be no problem" for him to earn $50,000 in commissions, in addition to his $100,000 base salary. Id. Weldon chided Plaintiff, and told him that only one representative in the entire company made any commissions at all. Id. At the end of the week, Weldon informed Plaintiff that if he expected to make $50,000 in commissions, "[he] should just quit." Id. ¶ 20. He declined to do so. However, on June 16, 2010, Plaintiff was terminated, allegedly for sexually harassing a fellow trainee, Cherie McGuire ("McGuire"). Id. ¶ 22. Plaintiff alleges that the harassment claim was fabricated by Weldon in retaliation for his comments regarding the representations made to him concerning his anticipated commissions. Id.

**B. PROCEDURAL HISTORY**

On August 31, 2011, Plaintiff filed the instant action against AHAA in Marin County Superior Court. The Complaint alleges causes of action for: (1) declaratory relief; (2) fraud; and (3) unfair competition. AHAA removed the action on the basis of diversity jurisdiction. AHAA now moves this Court to dismiss for improper venue, or, alternatively, to transfer venue to Pennsylvania, pursuant to the forum selection clause contained in the Employment Agreement. The motion is fully briefed and is ripe for adjudication.

**II. LEGAL STANDARD**

A motion to dismiss or transfer venue premised upon a forum selection clause is properly brought under Federal Rule of Civil Procedure 12(b)(3). Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). "[In] the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all

reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l. Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). If the court determines that venue is improper, it may dismiss the case, or in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); Dist. No. 1, Pac. Coast Dist. v. State of Alaska, 682 F.2d 797, 799 (9th Cir. 1982).

### III. DISCUSSION

#### A. ENFORCEABILITY OF THE FORUM SELECTION CLAUSE

"Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" Manetti-Farrow, 858 F.2d at 514 (quoting in part M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) ("Bremen")). Under Bremen, a forum selection clause is unreasonable, and hence, unenforceable, if: (1) the inclusion of the clause was the product of fraud, undue influence or overweening bargaining power; (2) the forum is so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of its day in court; or (3) the clause would contravene a strong public policy of the forum in which the suit is brought. Murphy, 362 F.3d at 1140. The plaintiff bears a "heavy burden" in challenging the reasonableness of a forum selection clause, see Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996), and a "forum selection clause should control absent a strong showing that it should be set aside," Bremen, 407 U.S. at 15.

Plaintiff argues that the forum selection clause should not be enforced because *other* provisions of the Employment Agreement—namely, the arbitration, non-competition and non-solicitation clauses—are unconscionable under California law. See Pl.'s Opp'n at 3-11. As an initial matter, federal courts apply *federal law*—not state law—when determining the enforceability of a forum selection clause. See Doe 1, 552 F.3d at 1083 ("We apply federal law to determine the enforceability of the forum selection clause."). Moreover, whether other provisions of the Employment Agreement are unconscionable is

- 4 -

1  not germane to the salient issue presented; namely, whether the Plaintiff has carried his
2  heavy burden of establishing that *the forum selection clause* is unreasonable.  See
3  Fireman's Fund Ins. Co. v. M.V. DSR Atl., 131 F.3d 1336, 1338 (9th Cir.1997) (finding
4  that if a forum-selection clause is unambiguous it is irrelevant if the contract in general is
5  one of adhesion).

6       Next, Plaintiff argues that enforcement of the forum selection clause will deprive
7  him of his day in court as well as undermine the public policy of this State.  Pl.'s Opp'n at
8  10.  In particular, he posits that upon transfer of the action to Pennsylvania, AHAA will
9  move to compel arbitration, and that if the district court grants said motion, AHAA will
10 then seek to convince the arbitrator to apply Pennsylvania, as opposed to California, law.
11 These contentions, aside from being entirely speculative, are unpersuasive.  Enforcement of
12 the forum selection clause has no bearing on the enforceability of the arbitration clause.
13 See Marra v. Papandreou, 216 F.3d 1119, 1122-23 (D.C. Cir. 2000) (noting that a forum-
14 selection clause "is separate from the obligations the parties owe to each other under the
15 remainder of the contract" and therefore a determination as to its enforceability has no
16 bearing on other provisions of the contract).  In addition, Plaintiff has failed to identify the
17 "strong public policy" of California that would be contravened by the forum selection
18 clause.  Indeed, it is questionable whether maintaining the action in this District would
19 further any such interest given that the Employment Agreement is expressly governed by
20 Pennsylvania law and the fact that Plaintiff no longer resides in California.  Employment
21 Agreement ¶ 14 (choice of law clause); Hegwer Decl. ¶ 3 (stating that Plaintiff now resides
22 in Wyoming).

23      Finally, Plaintiff complains that "[i]f he were required to arbitrate [his] claims in
24 Pennsylvania, paying the cost of travel, hotel, arbitrator fees, administrative fees and
25 attorneys fees for a Pennsylvania attorney, [he] would not be able to pursue this case."
26 Hegwer Decl. ¶ 3.  However, Plaintiff, who now resides in Wyoming, will have to bear
27 travel and related expenses regardless of whether this case is venued in California or
28 Pennsylvania.  Moreover, Plaintiff's claim of inconvenience is insufficient to show that

enforcement of the forum selection clause would be so gravely difficult and inconvenient to deprive him of his day in court. See, e.g., Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc., 926 F.2d 865, 868-869 (9th Cir. 1991) (forum selection clause mandating Saudi Arabia as the forum did not effectively deprive the plaintiff of his day in court, despite the fact that Saudi Arabia has a significantly different judicial system and that plaintiff lived in the United States); Argueta, 87 F.3d at 324 (finding that it was not "so gravely dangerous for [plaintiff] to return to Mexico that he would be deprived of his day in court if forced to litigate in Mexico.").

In sum, Plaintiff has failed to carry his heavy burden of demonstrating that the forum selection clause is unreasonable within the meaning of Bremen. Because venue is improper in California, the Court must next decide whether to dismiss the case or transfer it, in the interests of justice, to a district "in which it could have been brought." 28 U.S.C. § 1406(a). Because Defendant has requested transfer, albeit in the alternative, and because efficiency favors transferring the case to Pennsylvania, rather than forcing Plaintiff to re-file there, the Court finds that transfer is preferable to dismissal. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).[1]

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED, and alternative motion to transfer venue is GRANTED. In the interests of justice, the instant action is TRANSFERRED to the Eastern District of Pennsylvania.

---

[1] Plaintiff asserts that the only connection between Pennsylvania and this lawsuit is that AHAA is headquartered there. Pl.'s Opp'n at 7. However, Plaintiff overlooks that the training session where he allegedly harassed McGuire and had negative interactions with Weldon occurred there.

2. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 24, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge